MISI ·PELE LEOTA and
TAGIILIMA LEOTA, Appellants

v.

LOLANI SESE, MEAFOU SESE,
SU'A SCHUSTER, STARR SCHUSTER, and the
ESTATE OF ALEKI NOA, Appellees

High Court of American Samoa
Appellate Division

AP No. 1-89

July 28, 1989

Before REES, Associate Justice, CANBY,[*] Acting Associate Justice, THOMPSON,[**] Acting Associate Justice, OLO, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Appellants, Togiola T.A. Tulafono
For Appellees, Asaua Fuimaono

Per REES, J.:

This dispute arose when the late Aleki Noa subdivided a tract of land near Ili'ili and sold parcels to various people. Some of these purchasers, including appellants Sese and Schuster, were "landlocked"; that is, they had no frontage on a road and therefore could not enter or leave their property without passing over land belonging to someone else.

The trial court found that Noa had pointed out a certain route of access to appellees Schuster and Sese when he sold them their parcels in 1985 and 1986 respectively. In 1987, however, Noa sold the area containing this access way to Mr. and Mrs. Leota, the present appellants. When appellant Misi Pele Leota pointed out to Noa that the tract Leota was buying was apparently used by the Schusters for access to their property, Noa said he would provide an alternate route over the land that had already been sold to the Seses.

The Leotas went ahead and purchased the property containing the existing access route; later they built a wall blocking this route. The wall required the Seses to use a different route of access to their property, and deprived the Schusters of any access whatever to their property. The trial court held that the Leotas had not violated the rights of the Seses by blocking the established access route as they had done, since the Seses were left with an adequate although inferior route encroaching only slightly on the Leota tract. The court also held, however, that the Schusters had an easement of necessity over the established route of access traversing the Leota tract. *Sese v. Leota*, 9 A.S.R.2d 25, motion for new trial den., 9 A.S.R.2d 136 (1988).

---

[*] Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

Appellants urge that the Court should have located the Schusters' easement of necessity not over appellants' property but over the Sese tract. They contend, in the first place, that this route was consistent with the intentions of the grantor, Aleki Noa. The evidence does establish that on two occasions Noa manifested an intention to provide the Schusters with a new route of access over the Sese tract. These two manifestations, however --- in 1987 when Noa was selling the Leotas their land and later in 1987 at or after an attempted mediation at the Office of Samoan Affairs --- both happened after the signing and recordation of a deed of sale to the Seses. By this instrument the Seses became at least the equitable owners of the property; by 1987, therefore, Noa no longer had any right to encumber the property by establishing an easement over it.

Appellants further contend that the Schusters can have no easement of necessity over their property because there was no unity of title between their tract and the Schuster tract. This contention is based on the fact that Aleki Noa had registered as his individual property a nine-acre parcel, including the parcels that were later sold to the Schusters and the Seses but not that which was still later sold to the Leotas. Appellants now suggest that the land they bought from Aleki was not his individual land at all but was the communal land of the Noa family.

The problem with this contention is that it would have the effect of divesting appellants of any property rights at all in the disputed tract. If Aleki was not the owner of the land when he sold it to the Leotas in 1987, then they did not become its owners and did not acquire a right to interfere with its pre-existing use by the Schusters as a means of access to their property. A contention made by counsel for appellants at oral argument, that the Leotas might have become owners of the tract not by buying it from Noa in 1987 but by bulldozing it at some prior time, is raised for the first time on appeal and is starkly inconsistent with the contentions made by appellants at trial and in their brief on appeal; we therefore need not and should not address this possibility. As the trial court correctly observed,

> The facts reveal a common grantor who attempted to convey "his" title to the lands sold whatever that might be. The fact that the nine acre tract was registered in the grantor whereas the Leota tracts are not as yet so registered does not as a matter of law mean that grantor had no title in the Leota lots. . . . It would be

20

> needless . . . (and an unwarranted dilution of the public
> policy behind the common law) to preclude an implied
> easement of necessity because of the *possibility* of
> claims by a stranger.

9 A.S.R. at 32-33. On the present record the trial court was correct to conclude that the Leotas had acquired only such property rights as Aleki Noa had the power to convey to them in 1987. Those rights were subject to an easement in favor of the Schusters. If some other person should prove in some other case that he and not Aleki Noa was the true owner of the tract sold to the Leotas, it might follow that the Schusters' easement must be over the Sese tract or perhaps elsewhere. Until and unless this should happen, the easement is over the Leota property.

Finally, appellants urge that the trial court never had jurisdiction over the case. They contend that A.S.C.A. § 43.0302 deprives the Court of jurisdiction unless there is an "irreconcilable dispute," and that a letter dated August 28, 1987, from Puleleiite M.F. Tufele of the Office of Samoan Affairs negatives the existence of such a dispute. This contention is wrong for at least three reasons:

First, appellants misread A.S.C.A. § 43.0302. The statute requires only that in cases involving communal land or matai titles, the plaintiff must "file with his complaint a certificate" from the Office of Samoan Affairs certifying that the parties have met twice at that office and that the meetings did not result in a resolution of the dispute. Plaintiffs in this case, the present appellees, did file such a certificate. LT No. 5-88, Exhibit "D" to Complaint. The certificate was dated February 3, 1988, and signed by the very Puleleiite on whose earlier letter appellants now rely as evidence that there was no dispute. The record therefore reflects that the jurisdictional requirement was met.

Second, even if it mattered whether the 1987 letter from Puleleiite negated the existence of an irreconcilable dispute, we would conclude that it did not. The letter merely states the outline of a proposal by Aleki Noa to resolve the dispute by establishing a route of access over the Seses' land. It does not even hint that the Seses or the Schusters had ever agreed to this proposal. The record clearly reflects that they did not. Indeed, the answer filed by defendant/appellants specifically admitted the existence of an irreconcilable dispute. LT No. 5-88, Answer, paragraph 12. Only in their Post-Trial Memorandum did defendant/appellants begin relying on the Puleleiite letter as evidence that there was no dispute and therefore no jurisdiction.

21

Third, by its terms A.S.C.A. § 43.0302 does not apply to disputes over individually owned land. As we have already stated, the trial court was correct to conclude, on the present record and for the purposes of the present proceeding, that the tract purchased by the Leotas had been and continued to be individually owned.

We therefore affirm the judgment of the trial court.